G. Thomas Martin, III, Esq. (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
T: (818) 907-2030; F: (818) 205-2730
tom@plglawfirm.com
Attorneys for Plaintiff,
JUDITH BROOKS

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

CV 11 1336

| | |
|---|---|
| JUDITH BROOKS<br><br>Plaintiff,<br><br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES LLC; DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>(Unlawful Debt Collection Practices)<br><br>Demand Does Not Exceed $10,000 |

## COMPLAINT

### INTRODUCTION

1. Plaintiff JUDITH BROOKS brings this action to secure redress from unlawful credit and collection practices engaged in by Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. ("RFDCPA").

COMPLAINT
- 1 -

## VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367.

3. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by plaintiff within this District;

    b. Defendant does or transacts business within this District.

## PARTIES

4. Plaintiff Judith Brooks is an adult individual who resides in San Bruno, California and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

5. Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC is a limited liabililty company with offices in Norfolk, Virginia.

6. At all relevant times herein, Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code § 1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C.§ 1692a( 6), and the RFDCPA, Cal Civ Code § 1788.2( c).

## FACTS

7. Defendant is attempting to collect from Plaintiff an alleged debt incurred for personal, family or household purposes and not for business purposes.

COMPLAINT

8. Within the last year, Defendant constantly and continuously called Plaintiff at telephone number 415-685-4343 with the intent to annoy, abuse or harass the Plaintiff and told Plaintiff to call Defendant back at 800-685-4343.

9. Defendant called and hung up before Plaintiff or voicemail could answer.

10. Defendant failed to meaningfully disclose its identity (Plaintiff will Produce voicemails upon request).

11. Defendant failed to identify itself as a debt collector in subsequent communications.

12. Defendant engaged in false and deceptive means in attempting to collect a debt by failing to meaningfully disclose its identity.

## COUNT I – FDCPA

13. Plaintiff incorporates paragraphs 1 - 12.

14. Defendant thereby violated the following provisions of the FDCPA:

   i) 15 U.S.C. § 1692d(5);

   ii) 15 U.S.C. § 1692d(6);

   iii) 15 U.S.C. § 1692e(10);

   iv) 15 U.S.C. § 1692e(11).

15. Sections 1692 d(5) and d(6) state in pertinent part that:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

...

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

...

(6) Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity.

16. Sections 1692 e(10) and e(11) state in pertinent part that:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

...

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

....

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

(1) Statutory and actual damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

## COUNT II - RFDCPA

17.  Plaintiffs incorporate paragraphs 1 - 16.

18.  Defendant thereby violated the following provisions of the RFDCPA:

    i)    Cal. Civ. Code § 1788.11(b);

    ii)    Cal. Civ. Code § 1788.11(d);

    iii)    Cal. Civ. Code § 1788.11(e);

    iii)    Cal. Civ. Code § 1788.17.

19.  Sections 1788.11(b), (d) and (e) state in pertinent part that:

**1788.11. No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:**

**...**
**(b) Placing telephone calls without disclosure of the caller's identity, provided that an employee of a licensed collection agency may identify himself by using his registered alias name as long as he correctly identifies the agency he represents;**

**...**
**(d) Causing a telephone to ring repeatedly or continuously to annoy the person called; or**

**...**
**(e) Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances.**

20. Sections 1788.17 states in pertinent part as follows:

**"1788.17. Notwithstanding any other provision of this title, every**

**debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal. The references to federal codes in this section refer to those codes as they read January 1, 2001.**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

(1) Statutory and actual damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

RESPECTFULLY SUBMITTED,

DATED: March 17, 2011         **PRICE LAW GROUP APC**

By: _____
G. Thomas Martin, III
Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JUDITH BROOKS, demands trial by jury in this action.

- 6 -

COMPLAINT